J-S18015-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JASON A. WATTS | : | |
| | : | |
| Appellant | : | No. 1513 MDA 2021 |

Appeal from the Judgment of Sentence Entered September 7, 2021
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s):  CP-40-CR-0001990-2020

BEFORE:  BENDER, P.J.E., McLAUGHLIN, J., and McCAFFERY, J.

MEMORANDUM BY BENDER, P.J.E.:          **FILED: NOVEMBER 7, 2022**

Appellant, Jason A. Watts, appeals from the judgment of sentence of 33 to 66 months' incarceration, imposed after he pled guilty to one count of delivery of a controlled substance (methamphetamine).  On appeal, Appellant challenges the trial court's denial of his pre-sentence motion to withdraw his guilty plea, as well as the discretionary aspects of his sentence.  After careful review, we affirm.

The facts underlying Appellant's conviction are not pertinent to his present appeal.  The trial court summarized the procedural history of his case, as follows:

> This matter comes before the [c]ourt pursuant to a single count Criminal Information filed against the above-named [Appellant] by the District Attorney of Luzerne County on October 14, 2020, charging him with delivery of methamphetamine in violation of 35 [P.S.] § 780-113(A)(30).  On June 14, 2021, represented by Attorney Girard Mecadon[] of the Luzerne County Public Defender's Office, [Appellant] signed a guilty plea agreement and

the [c]ourt conducted a colloquy of [Appellant] prior to accepting his guilty plea. Following the colloquy, the [c]ourt accepted [Appellant's] plea, scheduled sentencing for a separate date, and ordered a presentence investigation (PSI) [report] to be completed by the Luzerne County Adult Probation and Parole Department prior to sentencing.

At the August 18, 2021 sentencing hearing, however, [Appellant] indicated to the [c]ourt that he wanted to withdraw his plea. [Appellant] was directed to file a written motion, and a hearing was scheduled for September 7, 2021. Attorney Mecadon filed a written motion on August 25, 2021, indicating that [Appellant] "wished to withdraw his guilty plea based on further review of his discovery." Motion to Withdraw[,] … 8/25/2021.

At the September 7, 2021 hearing, Attorney Mecadon indicated to the [c]ourt that [Appellant] wanted to withdraw his plea because discovery indicated that the suspect in this matter had initially been identified as Jason White, not Jason Watts. N.T.[,] 9/7/2021[,] at 4. The Commonwealth opposed the request to withdraw the plea, noting that in making the request, [Appellant] did not make any assertion of innocence. *Id.* at 3. The [c]ourt noted that [Appellant] was in possession of discovery well in advance of the June 14, 2021 guilty[-]plea hearing, yet [he] did not raise the issue of identity at any time during the lengthy guilty[-]plea colloquy conducted at the hearing, or at any point prior to facing a state sentence at the August 18, 2021 hearing. *Id.* at 3-5. Because [Appellant] had not offered adequate reasons for withdrawing his guilty plea, the [c]ourt exercised its discretion to deny the request. *Id.* [Appellant] was subsequently sentenced to a standard range sentence of 33 to 66 months' imprisonment in a state correctional institution. *Id.* at 7.

On September 17, 2021, [Appellant] filed a post-sentence motion [challenging] the denial of his motion to withdraw his guilty plea[,] as well as the imposition of sentence. Motion[,] … 9/17/2021. With regard to [Appellant's] guilty plea, the post-sentence motion asked the [c]ourt to "reconsider that there are discrepancies in discovery which [Appellant] intends to explore[,] including but not limited to a warrant initially naming a Jason White then changed to Jason Watts." *Id.* at ¶ 5. With regard to the standard[-]range sentence imposed, [Appellant's] post-sentence motion did not dispute the legality of that sentence, or assert that the sentence was excessive, but nevertheless asked the [c]ourt to exercise its discretionary power to "reconsider sentencing [Appellant to] the

lower end of the standard range[,] in that his standard range was 27-40 [months' incarceration,] but he was sentenced in the middle of the standard range at 33-66 [months' incarceration]." *Id.* at ¶ 6.

[Appellant's] post-sentence motion was subsequently denied by the [c]ourt on October 20, 2021. On November 18, 2021, Attorney Robert Buttner of the Luzerne County Public Defend[er]'s Office filed a Notice of Appeal on [Appellant's] behalf. Before this appeal was addressed, however, [Appellant] … filed a *pro se* Post Conviction Relief Act (PCRA) petition on December 7, 2021, raising allegations that counsel was ineffective. This prompted the Public Defender's Office to seek the appointment of conflict counsel. [*See*] Motion[,] … 12/9/2021. On December 10, 2021, the [c]ourt dismissed [Appellant's] PCRA petition without prejudice to [Appellant's] right to file a future PCRA petition upon resolution of his direct appeal. [*See*] Order[,] … 12/10/2021. Additionally, the [c]ourt directed that conflict counsel be appointed to represent [Appellant]. [*See*] Order[,] … 12/14/2021.

Attorney Matthew [P.] Kelly[, Esq.,] has since entered his appearance on [Appellant's] behalf, and [he] filed a [Pa.R.A.P.] 1925(b) [concise s]tatement of [e]rrors [c]omplained of on [a]ppeal on December 23, 2021, indicating that he intends to raise the following two questions on appeal:

> 1. Whether the trial court abused its discretion or committed an error of law in denying [Appellant's] motion to withdraw [his] guilty plea upon further review of discovery discrepancies.

> 2. Whether the trial court abused its discretion or committed an error of law in sentencing [Appellant].

Rule 1925(b) Statement[,] … 12/23/2021.

Trial Court Opinion (TCO), 1/26/22, at 1-3. The trial court filed its Rule 1925(a) opinion on January 26, 2022.

On March 22, 2022, Attorney Kelly filed with this Court a petition to withdraw his representation of Appellant pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa.

2009). That same day, counsel also filed an *Anders* brief, stating his belief that the two issues Appellant seeks to raise herein are frivolous, and that Appellant has no other, non-frivolous issues he could pursue on appeal. However, after reviewing counsel's *Anders* brief, we concluded that he did not comply with all the requirements for withdrawal. *See Santiago*, 978 A.2d at 362 (directing than the *Anders* brief "must (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous"). Accordingly, we remanded for Attorney Kelly to file either a new *Anders* brief that comported with the withdrawal requirements, or an advocate's brief on Appellant's behalf.

On August 9, 2022, Attorney Kelly filed an advocate's brief on Appellant's behalf, setting forth the following two issues for our review:

> I. Whether the trial court abused its discretion or committed an error of law in denying Appellant's motion to withdraw his guilty plea upon further review of discovery discrepancies.
>
> II. Whether the trial court abused its discretion or committed an error of law in sentencing the Appellant.

Appellant's Brief at 1.

Appellant first avers that the trial court abused its discretion by denying his pre-sentence motion to withdraw his plea. Our Supreme Court has

- 4 -

explained that the decision to allow a defendant to withdraw a pre-sentence guilty plea is left to the discretion of the trial court, and the appellant bears the heavy burden on appeal to establish an abuse of that discretion. **See Commonwealth v. Norton**, 201 A.3d 112, 116, 120 (Pa. 2019); **see also** Pa.R.Crim.P. 591(A) ("At any time before the imposition of sentence, the court may, in its discretion, permit, upon motion of the defendant, or direct, *sua sponte*, the withdrawal of a plea of guilty or *nolo contendere* and the substitution of a plea of not guilty."). It is well-settled that "[a]n abuse of discretion will not be found based on a mere error of judgment, but rather exists where the [trial] court has reached a conclusion which overrides or misapplies the law, or where the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will." **Id.** at 120 (quoting **Commonwealth v. Eichinger**, 915 A.2d 1122, 1140 (Pa. 2007)).

Furthermore, in reviewing a request for a pre-sentence withdrawal of a plea, the trial court should exercise its discretion "liberally in favor of the accused," and grant the request if the defendant demonstrates a "fair-and-just reason[,] … unless withdrawal would work substantial prejudice to the Commonwealth." **Id.** (quoting **Commonwealth v. Carrasquillo**, 115 A.3d 1284, 1291-92 (Pa. 2015)). However, when a defendant requests to withdraw his guilty plea because he is innocent, his claim "must be at least plausible to demonstrate, in and of itself, a fair and just reason for pre[-]sentence withdrawal of a plea." **Norton**, 201 A.3d at 120 (quoting **Carrasquillo**, 115

A.3d at 1292). Trial courts are charged with "assess[ing] the credibility of claims of innocence and measur[ing], under the circumstances, whether defendants have made sincere and colorable claims that permitting withdrawal of their pleas would promote fairness and justice." *Id.* at 121. When considering the credibility of the defendant's claim of innocence, the court may consider the timing of the defendant's request and his previous knowledge of his available defenses. *Id.* at 121-22.

Here, in explaining why it rejected Appellant's pre-sentence request to withdraw his plea, the trial court observed that Appellant

> had the benefit of counsel at the guilty plea hearing, and specifically acknowledged during the on[-]the[-]record[,] guilty[-]plea colloquy that he had discussed and reviewed the matter with his counsel (including the written plea agreement), that he understood the elements of the offense to which he was pleading, and that he had entered into the plea agreement of his own free will. N.T. Plea, 7/14/2021, at 5-6. Additionally, following a brief summary of the facts on which the charge against him was based, [Appellant] specifically admitted that on June 22, 2020, he knowingly delivered methamphetamine, a Schedule II controlled substance. *Id.*

TCO at 4-5. The court further stressed that, when Appellant sought to withdraw his guilty plea at the sentencing hearing several months later, he did not clearly assert his innocence in explaining the reasons his plea should be withdrawn. *See id.* at 2. Instead, Appellant claimed that his further review of the discovery in this case revealed that the suspect was initially identified by a different name and birthdate than Appellant. However, as the court pointed out, Appellant "was in possession of [the] discovery well in advance

of the June 14, 2021 guilty plea hearing, yet [he] did not raise the issue of identity at any time during the lengthy guilty plea colloquy conducted at the hearing, or at any point prior to facing a state sentence at the August 18, 2021 hearing." *Id.* (citation to the record omitted). Based on this record, the court found that Appellant "failed to make a colorable demonstration that permitting him to withdraw his guilty plea would promote either fairness of justice." *Id.* at 4.

We discern no abuse of the court's discretion. Appellant voluntarily, intelligently, and knowingly pled guilty to delivering methamphetamine. He does not point to where in the record he asserted his innocence when he later sought to withdraw his plea at the sentencing hearing. Instead, Appellant acknowledges that his reason for wanting to withdraw his plea was based on his "more critical review of the Commonwealth's discovery responses." Appellant's Brief at 8. However, Appellant had that discovery in his possession well before he pled guilty, yet he raised no issue about his allegedly being misidentified as a suspect before entering his plea. For these reasons, the court did not abuse its discretion in refusing to permit Appellant to withdraw his guilty plea.

Next, Appellant contends that the court erred and abused its discretion by imposing a sentence in the middle, rather than the low end, of the standard range of the sentencing guidelines. Appellant contends that his sentence would have been at the lower end of the standard range had the trial court properly considered his rehabilitative needs. He avers that, instead, the court

focused only on the seriousness of the offense. Appellant also contends that the court "offered no acknowledgement of the guidelines[,] except that the sentence was in the standard range[,]" and that it "provided little reasoning why it imposed said sentence." Appellant's Brief at 12. For these reasons, he asks that we remand for resentencing.

Appellant's issue implicates the discretionary aspects of his sentence.

Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. **Commonwealth v. Sierra**, 752 A.2d 910, 912 (Pa. Super. 2000). An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:

> We conduct a four-part analysis to determine: (1) whether [the] appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. 720; (3) whether [the] appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.[] § 9781(b).

**Commonwealth v. Evans**, 901 A.2d 528, 533 (Pa. Super. 2006)…. Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed. **Commonwealth v. Mann**, 820 A.2d 788, 794 (Pa. Super. 2003)….

The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. **Commonwealth v. Paul**, 925 A.2d 825, 828 (Pa. Super. 2007). A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." **Sierra, supra** at 912–13.

*Commonwealth v. Griffin*, 65 A.3d 932, 935 (Pa. Super. 2013) (quoting *Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010)).

Here, Appellant filed a timely notice of appeal, and a timely post-sentence motion. However, in that motion, Appellant only vaguely asked the court to reconsider sentencing him in the low-end of the standard guideline range, without any explanation of why the court should do so. **See** TCO at 6 (citing Post-Sentence Motion, 9/17/21, at ¶ 6). Thus, he waived his allegations that the court did not adequately consider his rehabilitative needs or the sentencing guidelines, that it focused only on the seriousness of his offense, and that the court did not offer sufficient reasons on the record for the sentence it imposed. **See Commonwealth v. Griffin**, 65 A.3d 932, 936 (Pa. Super. 2013) ("[I]ssues challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings. Absent such efforts, an objection to a discretionary aspect of a sentence is waived.") (citation omitted).

Notwithstanding waiver, we would also conclude that Appellant failed to demonstrate that his sentencing claim constitutes a substantial question for our review. Appellant's entire Rule 2119(f) statement reads, *verbatim*: "The trial court in refusing to sentence Appellant to the low end of the standard range of the sentencing guidelines is a substantial question requiring discretionary review." Appellant's Brief at 3 (citing 42 Pa.C.S. § 9781(b); Pa.R.A.P. 2119(f)). Appellant does not identify what provision of the

Sentencing Code the sentencing court allegedly violated, or explain how his sentence is contrary to the fundamental norms underlying the sentencing process. Thus, even had he preserved his sentencing claim, we would conclude that he has not presented a substantial question that the court abused its discretion in fashioning his sentence. *See Commonwealth v. Shugars*, 895 A.2d 1270, 1275 (Pa. Super. 2006) ("Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.").[1]

Judgment of sentence affirmed.

---

[1] However, even if Appellant had presented a substantial question for our review, we would not conclude that relief is due. The trial court had the benefit of a PSI and sentenced Appellant to a standard-range term of incarceration. Thus, we assume the court "was aware of relevant information regarding [Appellant's] character and weighed those considerations along with mitigating statutory factors." *Moury*, 992 A.2d at 171 (internal citations omitted). "Further, where a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code." *Id.* Accordingly, we would conclude that Appellant has failed to demonstrate that his sentence was an abuse of the court's discretion, simply because he hoped to receive a sentence at the low-end of the standard range.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/07/2022